**Opinion filed August 14, 2014**



### In The

# Eleventh Court of Appeals

_____

## No. 11-12-00250-CR
_____

## EDGAR MADRID OLMOS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. C-38,889**

### M E M O R A N D U M   O P I N I O N

Edgar Madrid Olmos entered an open plea of "guilty" to the offense of burglary of a habitation. *See* TEX. PENAL CODE ANN. § 30.02 (West 2011). The jury assessed Appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of twenty years. In a single issue on appeal, Appellant challenges the order of the verdict forms attached to the punishment charge submitted to the jury. We affirm.

Appellant contends that the placement of the verdict forms providing for his incarceration before those providing for community supervision constituted an implied comment on which punishments were more favorable to the trial court. We note at the outset that the jury charge on punishment contained in the clerk's record does not reflect that the verdict forms were ordered in the manner that Appellant protests on appeal. However, the record reflects that Appellant objected to the order of the verdict forms at trial.[1] For the purposes of our analysis, we will assume that the verdict forms were presented to the jury in the order Appellant claims they were presented.

Where an appellant has properly preserved an issue related to the jury charge for review, we must ascertain if error actually occurred. *See Posey v. State*, 966 S.W.2d 57, 60 (Tex. Crim. App. 1998). If error occurred and was properly preserved, reversal is required if the error was calculated to injure the rights of the defendant. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). In other words, an error that has been properly preserved will require reversal if the error caused some harm to the defendant. *Id.* We evaluate the issue of harm "in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id.*

The court's charge on punishment instructed the jurors that they had the option to recommend that Appellant be granted "probation" if they assessed a punishment that did not exceed ten years and if they found that Appellant had never been convicted of a felony. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 4 (West Supp. 2013). Furthermore, the court's charge included verdict forms that afforded the jury the opportunity to recommend that Appellant be granted

---

[1] Appellant cited no authority for his objection at trial, but he argued that the forms with the most favorable options should be placed first. The trial court overruled Appellant's objection.

probation. Absent evidence indicating otherwise, we presume the jurors followed the trial court's instructions and considered the full range of punishment. *See Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009). (stating that "we generally presume that a jury will follow the judge's instructions").

The Dallas Court of Appeals recently rejected a contention that the trial court's decision to place the verdict form with the harshest possible punishment first was a comment on the evidence and a statement as to which punishment the court preferred. *Estelle v. State*, No. 05-11-00353-CR, 2013 WL 222268, at *4 (Tex. App.—Dallas Jan. 16, 2013, no pet.) (mem. op., not designated for publication). The court based its decision on the fact that the court's charge correctly instructed the jurors on the full range of punishment. The Amarillo and Tyler Courts of Appeals, as well as the First Court of Appeals in Houston, have also rejected similar claims premised on the order of the verdict forms contained in the court's charge. *See Cook v. State*, No. 07-11-00390-CR, 2013 WL 5782915, at *7 (Tex. App.—Amarillo Oct. 23, 2013, pet. refused) (mem. op., not designated for publication) (holding that trial court's decision to place "guilty" verdict form before "not guilty" verdict form did not influence the jury to ignore the detailed written instructions of the trial court in the court's charge); *Vertiz v. State*, No. 12-11-00136-CR, 2012 WL 690398, at * 4 (Tex. App.—Tyler Feb. 29, 2012, no pet.) (mem. op., not designated for publication) (holding that trial court's decision to place "guilty" verdict form before "not guilty" verdict form did not influence the jury to find appellant guilty when it would not have otherwise done so); *Hallman v. State*, No. 01-85-0720-CR, 1986 WL 10188, at *1 (Tex. App.—Houston [1st Dist.] Aug. 28, 1986, no pet.) (not designated for publication) (rejecting claim that court's decision to place "guilty" verdict form before "not guilty" verdict form was a comment on the weight of the evidence).

We agree with the reasoning of our sister courts that the particular order of the verdict forms does not constitute an impermissible comment on which verdicts were purportedly more favorable when the jurors are correctly instructed on the full range of punishment. Accordingly, the trial court did not err by submitting the verdict forms recommending probation after those providing for Appellant's incarceration. We overrule Appellant's sole issue.

*This Court's Ruling*

The judgment of the trial court is affirmed.


JOHN M. BAILEY

JUSTICE


August 14, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

4